EUGENIA MICHIELS
v.
DEPARTMENT OF HEALTH AND HOSPITALS OFFICE OF CITIZENS WITH DEVELOPMENTAL DISABILITIES-PINECREST DEVELOPMENT CENTER
No. 2008 CA 1656.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
JOHN W. SCOTT, Attorney for Plaintiff/Appellant-Eugenia Michiels.
WILLIAM F. COCO, Attorney for Defendant/Appellee-Department of Health And HospitalsOffice of Citizens With Developmental Disabilities Pinecrest Development Center
ROBERT R. BOLAND, JR., CIVIL SERVICE GENERAL COUNSEL DEPARTMENT OF STATE CIVIL SERVICE Attorney for Defendant/Appellee-Anne Soileau, Director Department of Office of State Civil Service.
Before: PETTIGREW, McDONALD, HUGHES, JJ.
McDONALD, J.
The plaintiff in this matter, Eugenia Michiels, is a full-time, permanent state civil service employee employed by Pinecrest Support and Services Center in Pineville, Louisiana. She allegedly contracted a serious staph infection as a consequence of her employment at Pinecrest. The time of contracting the infection is not clear from the record, but at least by April 2007 she was taking extended periods of sick leave because she was unable to work due to the staph infection.
Ms. Michiels reports that on February 10-14, 2008, she was hospitalized for a severe episode of staph outbreak. Allegedly, her employer threatened termination because she had not reported to work. At that time, Ms. Michiels had accrued 1142 hours of annual leave, 0 hours of Family Medical Leave Act leave, 7 hours of sick leave, and 29.5 hours of compensatory time. Upon threat of termination, she promptly filed an official form requesting use of annual leave. Ms. Michiels' request was denied, and she was placed on unauthorized leave without pay for the period of February 11-25, 2008.
On March 25, 2008, Ms, Michiels filed an appeal with the Civil Service Commission complaining that her employer had failed to grant her annual leave for a two week period when she was absent from work due to illness and had instead placed her on leave without pay. As relief, she requested payment of her lost wages. The Commission issued a notice to Ms. Michiels stating that she had failed to allege facts supporting a conclusion that prohibited discrimination, or a violation of Civil Service Article or Rules had occurred and questioning whether she had a right of appeal to the Commission. She was given fifteen calendar days to amend the appeal to cure the defect.
Ms. Michiels responded to the notice by arguing that her employer abused its discretion by not granting her annual leave; that an agency must have "just cause" to deny an employee annual leave, particularly when an employee requests annual leave for a job-related illness; that she was being discriminated against and treated differently from her fellow employees, and that the discrimination may arise from racial discrimination against her by a former supervisor. Ms. Michiels' appeal was dismissed because the civil service referee found that she had failed to allege sufficient facts to support a conclusion that a violation of Civil Service Article or Rules and/or prohibited discrimination had occurred and therefore, she had no right of appeal to the Commission.
Ms. Michiels appeals the action taken by the Commission alleging that it was error to find that she had no right of appeal. In addition to the arguments noted above that were previously made to the, Ms. Michiels claims procedural deficiencies in how her leave request was handled; specifically, that her leave was wrongfully denied by a lower level employee and not "the appointing authority or his designated representative" as required by Civil Service rule.
Ms. Michiels argues vigorously that she is entitled to a hearing in this matter in order to prove that the denial of her leave was an "abuse of discretion," maintaining that the discretion granted to an appointing authority does not grant the power to abuse the discretion. Civil Service Rule 11.7(a) regulating the use of annual leave provides that "Annual leave must be applied for by the employee and may be used only when approved by the appointing authority or his designated representative."
Civil Service Commission Rule 13.10 governs appeals to the Commission. It provides:
Only the following persons have a right of appeal to the Commission:
(a) a state classified employee with permanent status who has been removed or subjected to one of the disciplinary actions listed in Rule 12.2(b).
(b) a state classified employee who has been discriminated against in any employment action or decision because of his political or religious beliefs, sex or race.
(c) a state classified employee who has been adversely affected by a violation of any provision in the Civil Service Article or of any Civil Service Rule other than a rule in Chapter 10. Ms. Michiels has not been subjected to a disciplinary action. She does assert the possibility that the denial of her leave request may have been motivated by racial discrimination.
Civil Service Rule 13.11 governing the procedure for requesting an appeal provides in pertinent part:
A notice of appeal must
(c) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific fact supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient.
Ms. Michiels has not alleged any specific facts supporting a conclusion of discrimination.
After thorough review of the record, law, and civil service rules pertaining to this matter, we find no error on the part of the Civil Service Commission. Therefore, the decision dismissing Ms. Michiels appeal is affirmed, and this opinion is issued in conformance with URCA Rule 2-16.LB. Costs are assessed to Ms. Michiels.
AFFIRMED.
HUGHES, J., concurring.
I respectfully concur. I agree with the majority opinion's holding that no appeal lies with the Civil Service Commission under the facts of this case. The Louisiana Supreme Court's opinion in Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587 (La. 3/2/99), 728 So.2d 1254, makes it clear that the grant of appellate jurisdiction invested in the Civil Service Commission is limited by LSA-Const. Art. X, §§8 and 12 to only those cases involving removal or disciplinary claims, and to only four categories of discrimination: those based on political beliefs, religious beliefs, sex, or race. Even so, the supreme court has recognized that, for causes of action based on another form of discrimination or other deprivation of constitutional right not within the scope of the Commission's quasi-judicial power as expressed in Article X, §§ 8 and 12, recourse is available in the district courts, and plaintiffs seeking protection under any other law may take refuge in the district courts of this state. Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587 at p. 15, 728 So.2d at 1264.